Entered: January 15th, 2021
Signed: January 14th, 2021

**SO ORDERED**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Home Sweet Home DD, Inc., | * | Case No. 21-10213-NVA |
| | * | Chapter 11 (Subchapter V) |
| Debtor. | * | |
| | * | |

* * * * * * * * * * * * *

## INITIAL SCHEDULING ORDER

The above-captioned debtor and debtor-in-possession (the "Debtor") has elected to proceed with this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1] The Court enters this Initial Scheduling Order to facilitate the efficient administration of this case and to ensure adequate and proper notice to all affected parties. Accordingly, for good cause appearing, IT IS ORDERED:

1. <u>Subchapter V Case</u>. Unless and until otherwise ordered by the Court, this case shall be governed by the provisions of Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and is currently operating its business as a debtor-in-possession under § 1184 of the Bankruptcy Code. Unless otherwise ordered by the Court, no committee of creditors or equity security holders will be appointed in this case by the United States Trustee pursuant to § 1102(a) of the Bankruptcy Code.

2. <u>Debtor's Compliance with § 1116</u>. The Debtor shall comply with § 1116 of the Bankruptcy Code.[2]

3. <u>First Day Motions</u>. To the extent the Debtor requires an expedited hearing on cash collateral, debtor-in-possession financing, prepetition obligations to employees or vendors, or similar first-day relief, the Debtor may file a motion requesting that the Court shorten the objection deadline and set an emergency hearing on such matters pursuant to Local Bankruptcy Rule 9013-7 (the "Emergency Motion"). *The Debtor shall serve the substantive motions and the Emergency Motion on the trustee appointed in this case (the "Subchapter V Trustee") and all parties in interest.* The Court will set a hearing on such matters as soon

---

[1] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

[2] Although § 1181(a) of the Bankruptcy Code states that § 1116 is not applicable in a case under Subchapter V of Chapter 11, the various provisions of § 1116 are thereafter made applicable by § 1187(a) and § 1187(b).

as reasonably practicable under the circumstances of this case. The Debtor may use the form Emergency Motion available on the Court's website.

4. Bar Date. Unless the Court sets a different date by separate order, the deadline for parties in interest to file proofs of claim or interest in this case is governed by Federal Rule of Bankruptcy Procedure 3003 and Local Bankruptcy Rule 3003-1.

5. Objections to Designation. Any challenge to the Debtor's self-designation as a "small business debtor" under § 101(51D) of the Bankruptcy Code must be filed with the Court and served on the Debtor, the Subchapter V Trustee, the United States Trustee, and all parties in interest on or before **FEBRUARY 24, 2021**.

6. Debtor's § 1188(c) Report. The Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest the report required by § 1188(c) of the Bankruptcy Code on or before **FEBRUARY 24, 2021**. The Debtor's report shall include a description of the Debtor's efforts to formulate a Chapter 11 plan of reorganization and the Debtor's efforts to communicate with creditors regarding any such plan. The Debtor may use the form report available on the Court's website.

7. Preliminary Status Conference. The Debtor and the Subchapter V Trustee shall appear at a remote preliminary status conference before the Court on **MARCH 11, 2021**, at **11:00 a.m.** via videoconference. The purpose of the preliminary status conference is to further the expeditious and economical resolution of this case. Other parties in interest may (but are not required to) appear and be heard at the preliminary status conference.

8. Plan of Reorganization. The Debtor shall file with the Court and serve on all parties in interest a plan of reorganization, as required by § 1189(b) of the Bankruptcy Code, on or before **APRIL 12, 2021**. *Any request to extend this 90-day deadline must meet the requirements of § 1189(b) of the Bankruptcy Code[3] and be filed with the Court on or before* **MARCH 15, 2021**. The Debtor may amend its plan of reorganization any time before the confirmation hearing in accordance with § 1193(a) of the Bankruptcy Code.

9. Additional Deadlines. The Court will set additional deadlines at the preliminary status conference. The Court will enter a subsequent scheduling order memorializing these additional dates.

10. Applications for Compensation. For purposes of this case, the Subchapter V Trustee, counsel for the Debtor, and other professionals may use the abbreviated form of Application for Compensation under Subchapter V of Chapter 11 available on the Court's website. Subject to further order of the Court, such applications shall be presumed to comply with Local Bankruptcy Rule 2016-1(a) and this Court's Compensation Guidelines (Appendix D to the Local Bankruptcy Rules). In the event an objection to such an application is filed, the applicant shall file a supplemental memorandum within 14 days that addresses in greater detail the factual and legal issues raised in the objection.

---

[3] Under § 1189(b), the court may extend the 90-day time period only "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

2

cc: All Parties

**End of Order**