Entered: February 9th, 2021
Signed: February 8th, 2021
**SO ORDERED**



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| In re: | |
| HOME SWEET HOME DD, INC., | CASE NO. 21-10213-NVA |
| Debtor. | CHAPTER 11 |

### ORDER DEFERRING CONSIDERATION OF
### <u>APPOINTMENT OF OMBUDSMAN</u>

On January 12, 2021, the debtor Home Sweet Home DD, Inc. filed for chapter 11 bankruptcy relief as small business under subchapter V. In Paragraph 7 of the petition, the debtor checked off that it is a "health care business," as defined in 11 U.S.C. § 101(27A). Yet, in Part 8 of the Statement of Financial Affairs ("SOFA"), the debtor checked off that the debtor is not engaged in offering services and facilities for diagnosing or treating injury, deformity, or disease, or providing any surgical, psychiatric, drug treatment, or obstetric care. These activities form the basis of the definition of a health care business under §101(27A).

Under § 333 of the Bankruptcy Code and Rule 2007.2 of the Federal Rules of Bankruptcy Procedure ("FRBP), the Court must appoint a patient care ombudsman for a health care business within 30 days of the petition date, unless the court finds that the appointment of an ombudsman is not necessary. Under FRBP 2007.2, a motion contesting the necessity of appointing a patient

care ombudsman must be filed "no later than 21 days after the commencement of the case or within another time fixed by the court." No such motion has been filed and the 21-day period to do so has expired. However, the debtor's answer to Part 8 of the SOFA raises a question of whether the debtor even is a health care business.

Therefore, for the reasons stated here, the Court will defer appointing a patient care ombudsman at this time. The Court will require the parties to respond in writing whether the appointment of a patient care ombudsman is necessary for the protection of patients in this case.

Accordingly, for the reasons stated herein, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that within 14 days after entry of this Order, the debtor, trustee, United States Trustee and/or other party in interest, shall either: (1) show cause in writing, if any there be, why the appointment of a patient care ombudsman is not necessary for the protection of patients under the specific facts of this case; or (2) state that the debtor consents to the appointment of a patient care ombudsman.

cc:   Debtor
      Debtor's Counsel
      Case Trustee
      United States Trustee

**END OF ORDER**